IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT P. WALTON, III, | : | |
| | : | |
| Movant, | : | |
| v. | : | No. 5:13-CV-302 (CAR) |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| OFFICE OF INSPECTOR GENERAL, | : | |
| | : | |
| Respondent. | : | |
| | : | |

### ORDER ON MOTION TO QUASH SUBPOENA

Before the Court is Movant Robert P. Walton III's *pro se* "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410" [Doc. 1], seeking to quash Respondent's subpoena of his financial records.  Respondent filed a timely response to the Motion [Doc. 3].  After thoroughly considering the Motion and the applicable law, Movant's Motion [Doc. 1] is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Respondent is currently conducting an investigation into missing money from a registry bag, thought to have been stolen from the mail at a postal facility where Movant works.  In furtherance of the investigation, Respondent issued a subpoena

*duces tecum* to Robins Federal Credit Union on July 29, 2013, requesting information regarding accounts held by Movant. On August 15, 2013, Respondent mailed Movant a copy of the subpoena as well as a customer notice stating that the financial records were being sought for the purpose of aiding an investigation by the Inspector General "regarding U.S. Postal Service funds." Additionally, Respondent provided Movant with challenge forms and instructions, advising him of his right to object to the subpoena and outlining the proper procedure for doing so.

On August 22, 2013, Movant timely filed the present Motion, essentially requesting the Court to quash the subpoena. In support of his Motion, Movant argues some of the records sought are not relevant to Respondent's investigation, and Respondent failed to comply with the notice requirements of the Right to Financial Privacy Act (the "RFPA"). Respondent argues that the records are relevant to a legitimate law enforcement inquiry, and it has substantially complied with the notice requirements of the RFPA.

## DISCUSSION

"The RFPA provides only three grounds on which the district court may quash a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry or (2)

2

the records requested are not relevant to the agency's inquiry or (3) the agency has not substantially complied with the RFPA."[1]  The Court discusses each of these issues in turn as they relate to the subpoena in this case.

## I. Legitimacy of Law Enforcement Inquiry

Movant does not directly question the legitimacy of Respondent's investigation in his Motion.  Moreover, as pointed out by Respondent, the Inspector General Act of 1978 gives Respondent broad power to conduct these types of investigations and specifically grants Respondent the power to subpoena documents relevant to such investigations.[2]  Given this broad grant of authority and the undisputed representations in Respondent's brief of a purported theft, the Court finds the Respondent is engaged in a legitimate law enforcement inquiry.

## II. Relevancy of Financial Records

As to the second issue, Movant argues some of the records requested are not relevant to the investigation.  The Court disagrees.

Although Respondent has the ultimate burden of proving the financial records are relevant, "the initial burden of production is on the movant to offer proof of facts which show that the documents requested have no connection with the subject matter

---

[1] *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989); *see also* 12 U.S.C. § 3410(c)).
[2] *See* 5  U.S.C. App. 3 §§ 4(a)(1), 6(a)(4).

of the investigation."[3] Movant has failed to provide any factual basis for his assertion that the records are irrelevant. Movant appears to argue some of the accounts he holds jointly with his wife are irrelevant because his wife is not under investigation. However, the fact that the accounts are jointly held has no bearing on the relevancy analysis because Movant still has access to these accounts. Moreover,

> [f]or purposes of an administrative subpoena, the notion of relevancy is a broad one. An agency can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant.[4]

Applying this standard to the case at bar, the records sought by Respondent are clearly relevant to the investigation of the missing registry bag funds. As averred by a special agent for Respondent, the theft occurred at the postal facility where Movant works, and "[Respondent] has reason to believe that [Movant] was involved in the theft."[5] Because Movant's financial records could shed light on his suspected participation in the theft, the Court finds the financial records sought are relevant to the investigation.

---

[3] *Breakey v. Inspector Gen. of U.S. Dep't of Agric.*, 836 F. Supp. 422, 425 (E.D. Mich. 1993) (referencing *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1980)).
[4] *Sandsend Fin. Consultants, Ltd.*, 878 F.2d at 882 (internal quotation marks and citations omitted).
[5] Bankston Aff. ¶¶ 3, 5.

### III. Substantial Compliance with RFPA Notice Requirements

Finally, Movant argues the Court should quash the subpoena because Respondent did not substantially comply with the RFPA notice requirements. The RFPA states a government agency may obtain financial records via an administrative subpoena only if,

> a copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution together with . . . notice which shall state with reasonable specificity the nature of the law enforcement inquiry[.][6]

Pursuant to this authority, Movant argues the notice he received was untimely and not reasonably specific as to the nature of the investigation.

#### A. Untimeliness of Notice

First, Movant argues the notice was untimely because he received the notice on August 16, 2013, a mere six days before the bank had to produce the records. Although Movant was not served with the subpoena and accompanying documents "on or before the date" on which Respondent issued the original subpoena, the Court finds this is an insufficient basis on which to grant his Motion.

---

[6] 12 U.S.C. § 3405(2).

The RFPA requires substantial, not strict, compliance by the government agency issuing the administrative subpoena.[7]  The purpose behind the notice provisions is to allow the customer the opportunity to object to the subpoena before the government agency obtains access to such records.  Notice is insufficient if the customer does not have this opportunity.[8]  As evidenced by the present Motion, the notice provided Movant with ample opportunity to object prior to production of the documents, and thus the notice served its statutory purpose.

Furthermore, the subpoena issued to the bank stated that the bank would not be required to produce the records unless Respondent first tendered a Certificate of Compliance with the RFPA, certifying that Respondent had served Movant with notice of the subpoena and provided Movant with the statutory time period in which to object.  Given these procedural safeguards, the Court finds the delay of notice in this case is an insufficient ground upon which to quash the subpoena.

B. **Reasonable Specificity of Notice**

Second, Movant argues the notice did not reasonably specify the nature of the law enforcement inquiry for which the records were requested.  The notice so

---

[7] *See* 12 U.S.C. § 3410(c) ("If the court finds . . . that there has not been *substantial* compliance with the provisions of this chapter, it shall order the process quashed").

[8] *See Botero-Zea v. United States*, 915 F. Supp. 614, 618 (S.D.N.Y. 1996) ("[F]ailure to provide [Plaintiff] with notice and an opportunity to dispute the production of records pursuant to such subpoenae constituted a violation of the [RFPA]").

provided states that Respondent is seeking the records for "an Office of Inspector General investigation . . . regarding U.S. Postal Service Funds."  As noted by Respondent, merely stating the records are needed for an Inspector General investigation is not reasonably specific.[9]  However, the tailoring of the present notice specifically to "U.S. Postal Service funds" is reasonably specific within the meaning of the RFPA.  Moreover, Respondent's brief and affidavit in support thereof filed in this proceeding further elaborate on the purpose for which these records were requested and cure any defect in the previous notice, if any so existed.[10]

Based on the foregoing analysis, the Court finds Respondent issued the subpoena in furtherance of a legitimate law enforcement inquiry, the records sought are relevant to the inquiry, and Respondent substantially complied with the RFPA.  Accordingly, the Motion [Doc. 1] is hereby **DENIED**.

**SO ORDERED,** this 3rd day of October, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh

---

[9] *Chang v. Tennessee Valley Auth.*, 82 F. Supp. 2d 817, 821 (E.D. Tenn. 2000).

[10] *See Breakey,* 836 F. Supp. at 427 *(referencing Rodriguez v. Fed. Sav. & Loan Ins. Corp.,* 712 F. Supp. 159, 162 (N.D. Cal. 1989) ("[E]ven if customer notice is deficient, information in government's response to challenge states nature of inquiry with sufficient specificity").